# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK HOLT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3644** |
| **JEFFERSON PARISH CORRECTIONAL CENTER** | **SECTION "B"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that petitioner's request to stay proceedings (Record Doc. No. 18) be **DENIED** and that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Derrick Holt, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On November 6, 2003, a Jefferson Parish Grand Jury indicted Holt on two counts of first degree murder.[3] On February 28, 2007, the State amended the charges to two counts of second degree murder. On May 1, 2008, following a trial by jury, Holt was found guilty on both counts of second degree murder.[4] On June 16, 2008, the state trial court sentenced Holt to consecutive life sentences without benefit of parole, probation or suspension of sentence.[5] On that same date, Holt filed a motion for appeal.[6] On June 23, 2008, the state trial court granted Holt's motion for appeal.[7] Holt's appeal is currently pending before the Louisiana Fifth Circuit Court of Appeal.[8]

---

[2] Rec. Doc. No. 8, Notice of Change of Address.

[3] St. Rec. Vol. 1 of 1, Grand Jury Indictment, 11/06/03.

[4] St. Rec., Vol. 1 of 1, Tabs 2 and 3.

[5] St. Rec., Vol. 1 of 1, Tab 4.

[6] St. Rec., Vol. 1 of 1, Tab 5.

[7] St. Rec., Vol. 1 of 1, Tab 6.

[8] A member of my staff contacted the Clerk's Office for the Louisiana Fifth Circuit Court of Appeal and confirmed that Holt's appeal is pending before the state appellate court. Further, in his January 5, 2009 letter, Record Doc. No. 18, Holt states: "I'm currently in the Louisiana 5th Circuit under direct appeal...."

II. FEDERAL HABEAS PETITION

On May 5, 2008, Holt filed a petition for federal habeas corpus relief in this court raising the following grounds for relief: (1) evidence submitted against him at trial was fabricated; (2) he was unconstitutionally denied the opportunity to argue that he acted in "self-defense"; (3) prosecutorial misconduct; and (4) his due process right to a fair trial was violated.[9]

On December 30, 2008, the State filed a response in opposition to the petition, Record Doc. No. 17, arguing that the instant petition should be dismissed without prejudice because Holt has failed to exhaust his state court remedies. In a letter dated January 5, 2009, Record Doc. No. 18, Holt concedes that he has <u>not</u> exhausted his state court remedies and requests that the instant petition be stayed.

III. STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[10] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198

---

[9] Record Doc. No. 11.

[10] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

3

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Holt's petition, which, for reasons discussed below, is deemed filed in this federal court on May 5, 2008.[11]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State argues in its response and Holt concedes in his request for a stay that Holt has not exhausted his available state court remedies. My review of the record confirms that Holt has failed to exhaust state court remedies. For the following reasons, Holt's request to stay should be denied and his petition dismissed without prejudice for failure to exhaust state court remedies.

---

[11]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Holt's petition on October 10, 2008, when he paid his filing fee. However, Holt dated the signature on his petition on May 5, 2008. This is the earliest date on which he could have submitted the documents to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

4

## IV. EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20). Thus, the exhaustion requirement is mandated, both statutorily and as a matter of United States Supreme Court case law, and cannot be viewed by this court as an unnecessary procedural hurdle to be cleared away to facilitate merits review.

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This

5

requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. Id. (citing Nobles, 127 F.3d at 420).

Holt concedes that he has "not exhausted any state remedies" and he "filed this writ of habeas corpus premature[ly]".[12] Holt seeks to have the instant matter stayed pending the exhaustion of his state court remedies. Holt states: "I will wave [sic] every step that I'm allowed [under state law] in order to get to this court. I apologize for any trouble that filing this writ to [sic] soon may have caused, but I currently have a case stayed in this court so I ask that you place a stay on this matter."[13]

While the State, under 28 U.S.C. § 2254(b)(3), may waive the requirement that a petitioner exhaust his state court remedies before proceeding to federal court, there is no provision allowing a petitioner to waive the exhaustion requirement. To the contrary, "'there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999) (quoting Granberry v. Greer, 481 U.S. 129, 131 (1987)) (citation omitted). Under the exhaustion doctrine, federal courts "will interfere with the administration of justice in the state courts only in rare cases where exceptional circumstances of peculiar urgency are known to exist." Granberry, 481 U.S. at 134 (quotations omitted).

---

[12]Record Doc. No. 18.

[13]Record Doc. No. 18.

In the instant matter, no valid basis has been set forth to exempt Holt from the requirement that he exhaust his state court remedies before proceeding to federal court. In <u>Mercadel</u>, 179 F.3d at 277-278, the court noted that a petitioner may be excused from having to exhaust his state court remedies in a situation where it would be futile to proceed to state court, e.g., where the highest state court recently rejected the claim urged by petitioner in his federal habeas application. Holt, however, does not fall under the "futility doctrine," making no showing that the claims he presents in the instant federal habeas petition were recently rejected by the highest state court. The fact that Holt may believe he will be unsuccessful in seeking relief within the state court system does not provide a valid basis to forego the exhaustion requirement. See <u>Thomas v. Collins</u>, 919 F.2d 333, 335 (5th Cir. 1990), <u>cert. denied</u>, 501 U.S. 1235 (1991) (fact that petitioner had already filed two unsuccessful state writ applications did not excuse him from having to exhaust his state court remedies with respect to claims which presented "new theories not previously considered by the state court").

Additionally, Holt does not present any valid basis for staying the instant action pending the exhaustion of his state court remedies. Holt seemingly conceived of the idea to seek to have the instant matter stayed based upon the fact that a portion of an earlier lawsuit, <u>Derrick Holt v. Jefferson Parish Sheriff's Office, et al.</u>, Civil Action Number 07-3606 "K"(1), was stayed. That earlier action, however, is distinguishable from the instant matter in that it was filed pursuant to 42 U.S.C. § 1983, and was stayed pursuant

7

to <u>Wallace v. Kato</u>, 549 U.S. 384 (2007), rather than dismissed pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because Holt, at the time he filed the action and at the time it was adjudicated, had not yet been convicted.[14] The stay in Holt's Section 1983 case is no basis for a stay in this habeas case.

## RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the petitioner's request for a stay of the above-captioned action, Record Doc. No. 18, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the petition of Derrick Holt for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

---

[14] <u>See</u> Civil Action Number 07-3606 "K"(1), Record Doc. No. 11, Magistrate Judge's Report and Recommendation at pp. 8-9.

notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   6th   day of February, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE